[Civ. No. 13676.   First Dist., Div. Two.   Apr. 15, 1948.]

Estate of ANNA C. AVILA, Deceased.   MARY AVILA, Appellant, v. MARIA F. SOUZA, Respondent.

Fred B. Hart for Appellant.

Weinmann, Rode, Burnhill & Moffitt and Donald K. Quayle for Respondent.

NOURSE, P. J.—This is a proceeding to interpret the provisions of a will reading: ''Third: I hereby give, devise and bequeath unto my sister, MARIA F. SOUZA, of San Leandro,

California, my house, lot and improvements, located at No. 156 Estabrook Street, in the said City of San Leandro. . . .''

The controversy arises because the testatrix had erected a small cottage for her own use in the rear of the lot and, since appellant is the residuary legatee under the will, she contends that this cottage should go to her as property not specifically devised. The trial court after a full hearing as to the supposed intentions of the testatrix held that the will was not uncertain in its disposition of the lot and all the improvements thereon, and that the devise included the cottage.

The evidence is undisputed that the property involved is a single lot 100x150, enclosed by a single fence or hedge, that the only street number was affixed to the large house, that the only means of egress and ingress from and to the cottage was that provided for use of the main dwelling, that, in addition to the cottage, the lot contained a garage, a pump and tank house, several chicken houses, and similar improvements.

The finding of the trial court is sound and should not be disturbed. The language of the will ''my house, lot and improvements'' presents no ambiguity or uncertainty calling for judicial interpretation. The word ''improvements'' means those structures erected on the area noted which tend to enhance the value of the land. It includes the cottage just as surely as it includes the garage, laundry, and chicken houses. This is the clear purport of the language of the will. If the testatrix had intended to exclude the little cottage from the devise, that intention could have been expressed without any difficulty.

Appellant's case rests on the inadmissible evidence of the attorney who drew the will as to what the testatrix had said to him before the will was drafted. Such declarations are of no aid in the interpretation of the plain words of the will. Section 105, Probate Code.

The rule controlling the decision is found in *Estate of Blake,* 157 Cal. 448, 458 [108 P. 287] : ''The cardinal rule in the interpretation of a will is that 'it is to be construed according to the intention of the testator.' (Civ. Code, sec. 1317.) As said in the *Estate of Young,* 123 Cal. 337 [55 P. 1011], 'the purpose of construction as applied to wills is unquestionably to arrive if possible at the intention of the testator, but the intention to be sought for is not that which existed in the mind of the testator but that which is expressed in the language of the

will.' It is not the business of the court to say, in examining the terms of a will, what the testator intended, but what is the meaning to be given to the language which he used. Where the terms of a will are free from ambiguity, the language used must be interpreted according to its ordinary meaning and legal import and the intention of the testator ascertained thereby." See Probate Code, section 106, reading: "The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained." See also, 26 Cal.Jur., p. 887; *Estate of White*, 84 Cal.App.2d 409, 411 [190 P.2d 968]; 28 Am.Jur., p. 260.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied May 15, 1948, and appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.